UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID PETTIBONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00831 AGF |
| ) | |
| C.R. ENGLAND, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Following a pretrial conference held in this case on this date, and for the reasons stated in open court,

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 1 [Doc. #38] to exclude evidence in support of an award of punitive damages is **GRANTED** in part and **DENIED** in part. Evidence of Kevin Strange's driving record, probationary status, and prior accidents shall be excluded. Plaintiff may introduce evidence related to Mr. Strange's conduct at the time of the accident in question.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine No. 2 [Doc. #39] to exclude reference to the dangerous nature of this or other construction sites is **GRANTED**. Evidence of injuries sustained by individuals other than Plaintiff at the accident in question is also excluded, except to the extent such evidence is necessary to other relevant fact testimony.

**IT IS FURTHER ORDERED** that the Court shall reserve ruling on Defendants'

Motion in Limine No. 3 [Doc. #40] to exclude certain opinions offered by Dr. Lipede. The parties shall provide to the Court a copy of Dr. Lipede's deposition, curriculum vitae, and expert report.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine No. 4 [Doc. #42] to support a claim against C.R. England for negligent hiring, training, or supervision is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine No. 5 [Doc. #43] to exclude evidence of prior accidents involving Mr. Strange which are unrelated or dissimilar to the present accident is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [Doc. #35] to exclude evidence of workers compensation or other collateral source payments is **GRANTED**. The Court reserves ruling on whether Dr. Volarich's report may be used in cross-examination of Dr. Lipede, whom Plaintiff may call as a rebuttal witness.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [Doc. #35] to exclude reference by Dr. Morris to the computerized reading of an MMPI taken by Dr. Hanlon is **DENIED,** subject to Defendants laying a proper foundation under Federal Rule of Civil Procedure 703.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [Doc. #35] to exclude reference to "near misses" at the accident scene prior to or on the day of the accident in question is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [Doc. #35] to exclude lay witness evidence, other than by the law enforcement officers involved in the case, that the placement of signs on the road was inadequate is **GRANTED**. To the extent Plaintiff seeks to exclude testimony by Rebecca Helms regarding her observations of the accident and the condition of the road at the time of the accident, Plaintiff's motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [Doc. #35] to exclude evidence of Plaintiff's alcohol consumption contained in his medical records is **GRANTED**, and any such evidence shall be redacted from records admitted into evidence.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [Doc. #35] to exclude evidence of a prior nose fracture sustained by Plaintiff is **GRANTED** to the extent that Defendants shall not be permitted to suggest that such a fracture may have caused a preexisting brain injury. The Court reserves ruling on the motion to the extent that evidence of such a fracture may be appropriate on cross-examination on other issues.

_____
AUDREY G. FLEISSIG
UNITED SATES MAGISTRATE JUDGE

Dated this 4th day of January, 2006